GRISBAUM, Judge.
These consolidated matters involve an expropriation by the State of Louisiana, through the Department of Transportation and Development, of certain portions of tracts of land for the purpose of building a highway. The appellants, four estates, appeal from a judgment dismissing their re-conventional demands for additional compensation. We vacate and remand.

ISSUE

The threshold question presented is whether the five-year prescriptive statutory scheme was triggered by the appointment of a curator.

FACTS

On July 28, 1977, the State of Louisiana, Department of Transportation and Development (DOTD), filed a petition to expropriate a portion of land owned by the Estates of Raphael Jacquot and Alfred Jac-quot, for the purpose of State Project No. 428-02-01 (Edgard-Killona), Donaldson- *728 ville-New Orleans Highway, on State route La. 3127. As just compensation, the petition alleged, the estates are entitled to $114, which amount was deposited into the registry of the court. Mr. G. Walton Caire was appointed on July 28, 1977, to represent these estates.
On May 21, 1979, the State of Louisiana, DOTD, filed a similar petition for expropriation for State Project No. 428-02-03, Don-aldsonville-New Orleans Highway (Vacher-ie-Edgard), on State route La. 3127, against the estates of James A. Gauthier and Bertha Becnel Gauthier. This petition alleged that the just compensation to which the estates are entitled is $2340, which sum was deposited into the registry of the court. Furthermore, the petition alleged that, since James Gauthier and Bertha Gauthier were deceased and their successions had not been opened, it was necessary that an attorney be appointed to represent their estates. Accordingly, Mr. Caire was appointed to represent these estates also.
Thereafter, in both cases, on November 19, 1981, Mr. Caire filed an Answer and Reconventional Demand claiming that the sums deposited by the DOTD were “grossly inadequate to compensate ... for the value of the land taken and ... damages.” The DOTD answered the reconventional demand on December 10, 1981, and, on December 15, 1981, the DOTD propounded interrogatories in both cases.
The next action took place on February 2, 1987 when Mr. Paul G. Aucoin was appointed as curator in both cases to replace Mr. Caire, who had been elected as judge in the Fortieth Judicial District Court. On February 4, 1987, Mr. Aucoin, in both cases, filed a Motion and Order for PreTrial Conference and Motion and Order to Fix for Trial. Another Motion and Order to Fix for Trial was filed in the two cases on May 8, 1982.
The DOTD, on August 18, 1992, filed a Motion and Order for Judgment of Dismissal in both cases, claiming that, because no action had been taken in the matter between December 1981 and February 4, 1987, the DOTD was entitled to a judgment of dismissal. On that same date, the trial court granted the orders and rendered judgments dismissing the defendants’ claims for additional compensation. It is from these judgments that the defendants now appeal. By order dated April 6, 1993, this Court consolidated the two cases for judgment and argument.

ANALYSIS

La.R.S. 48:442 provides that a “quick-taking” proceeding is commenced by the filing by the DOTD of a petition for expropriation containing an estimate of the landowner’s loss for the taking. Thereafter, the State acquires title to the property simply by depositing with the clerk of court the amount estimated to be the compensation to which the defendant is entitled. See La.R.S. 48:445. The State is then free to take possession and begin construction.
A landowner whose property has been expropriated may contest the adequacy of the estimated compensation, by filing an answer pursuant to La.R.S. 48:450(B)(1), which provides as follows:
Where a portion of a lot, block, or tract of land is expropriated, any defendant may apply for a trial to determine the measure of compensation to which he is entitled, provided:
He files an answer within one year from the date he is served, in the same manner provided for service of the petition, with a copy of the department’s notice of acceptance, which has been filed with the clerk of court of the parish in which the action is pending, declaring that it has finally accepted the construction of the highway project for which the property was expropriated; provided however, that he may file his answer at any time prior thereto[.]
A claim for additional compensation can be dismissed as abandoned under La.R.S. 48:452.1(A), which provides:
An owner’s claim for an increase in the compensation is abandoned when he fails to take any step in the prosecution of that claim for a period of five years. This provision shall be operative without formal order, but on ex parte motion of *729 the department the trial court shall render final judgment fixing just compensation in the amount deposited in the registry of the court and awarding that sum to the defendant and dismissing with prejudice any claim for any increase in compensation.
The record shows that an Answer and Reconventional Demand was filed in November 1981, followed by the filing of an Answer and Interrogatories by the DOTD in December 1981. Nothing thereafter occurred until February 4, 1987, when the newly appointed attorney representing the defendants filed a Motion and Order for Pre-Trial Conference and Order to Fix for Trial. Counsel for the DOTD argues that, because of this lack of activity for over five years, the trial court properly dismissed the case as abandoned. We disagree.
Importantly, La.C.C.P. art. 5091 et seq. sets forth a method for appointing attorneys to represent unrepresented defendants. The court has the authority, under La.C.C.P. art. 5091(A)(1)(c), to appoint an attorney-at-law to represent a defendant, when petitioned by the plaintiff, and when it has jurisdiction over the person or property of the defendant, the defendant is deceased, and no succession representative has been appointed. While an appointment of a curator ad hoc under this statutory scheme satisfies the due process concern of providing “notice” to a defendant, we find that it falls short when dealing with the substantive property rights of a vacant succession, and, since there are specific codal provisions regarding vacant successions, these are the provisions, we find, that must be followed in order to comply with our constitutional standards of due process.
Specifically, La.C.C. art. 1095 defines a succession as vacant “when no one claims it, or when all the heirs are unknown, or when all the known heirs to it have renounced it.” Vacant successions are administered by legal representatives known as administrators of vacant successions. La.C.C. art. 1097.
Moreover, La.C.C.P. art. 3121 provides, in pertinent part, that
[w]hen no qualified person has petitioned for appointment as administrator of a vacant succession within three months of the death of the deceased, the court may appoint an attorney at law as administrator thereof and set his compensation. Said attorney shall be selected, on a rotating basis, from a list of attorneys currently practicing in the parish in which the succession is to be opened.
This attorney acts as the succession representative, since that term refers to, inter alia, an administrator of a vacant succession. La.C.C.P. art. 2826(2).
Importantly, when suit is brought against a succession, the succession representative is required to “defend all actions brought against him to enforce claims against the succession, and in doing so may exercise all procedural rights available to a litigant.” La.C.C.P. art. 3249. Thus, “[i]n the performance of his duties, a succession representative may exercise all procedural rights available to a litigant.” La.C.C.P. art. 3196.
Given our statutory scheme, we find that a suit to enforce an action against a vacant succession can only be properly commenced by the appointment of an administrator of a vacant succession. Then, the administrator, as the succession representative, can defend the action and take the appropriate steps to protect the substantive rights of the succession, such as filing of an answer and therein contesting the amount estimated as just compensation. Ergo, we vacate the judgment of dismissal and remand the matter for further proceedings consistent with the opinion expressed herein.

VACATED AND REMANDED.